# United States District Court
# Western District of Michigan (Northern Division (2))
# CRIMINAL DOCKET FOR CASE #: 2:21−mj−00004−MV−1

Case title: USA v. Dresch  
Other court case number: 1:21−mj−69 District of Columbia

Date Filed: 01/20/2021

Assigned to: Magistrate Judge Maarten Vermaat

**defendant (1)**

**Karl Dresch**  represented by  **Elizabeth A. LaCosse (FPD)**  
Federal Public Defender (Marquette)  
925 W Washington, Ste. 104  
Marquette, MI 49855  
(906) 226−3050  
Fax: (906) 273−0070  
Email: beth_lacosse@fd.org  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*  
*Designation: Public Defender or Community Defender Appointment*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Terminated)** | |
|---|---|
| None | |

| **Complaints** | **Disposition** |
|---|---|
| 1:1RF.F Rule 5 Felony Proceedings | |

**Plaintiff**

**USA**  represented by

**Theodore Joseph Greeley**
U.S. Attorney (Marquette)
Huntington Bank Building, 2nd Fl.
1930 US 41 W
Marquette, MI 49855
(906) 226–2500
Email: theodore.greeley@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant U.S. Attorney*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 01/20/2021 | 1 | | NOTICE as to Karl Dresch: first appearance is set for 1/20/2021 at 03:00 PM at by video before Magistrate Judge Maarten Vermaat; (aer) (Entered: 01/20/2021) |
| 01/20/2021 | 2 | | CJA 23 financial affidavit by defendant Karl Dresch in support of request for court−appointed counsel (cam) (Entered: 01/20/2021) |
| 01/20/2021 | 3 | | (RESTRICTED ACCESS) PRETRIAL SERVICES REPORT as to Karl Dresch [Access to this document is available to the Court and temporarily available to attorney(s) for USA, Karl Dresch only] (Supervising USPO Joshua Hechtman, jae, ) (Entered: 01/20/2021) |
| 01/20/2021 | 4 | | MOTION for detention by USA as to Karl Dresch (Greeley, Theodore) (Entered: 01/20/2021) |
| 01/20/2021 | 5 | | *PENALTY SHEET* by USA as to Karl Dresch (cam) (Entered: 01/20/2021) |
| 01/20/2021 | 6 | | MINUTES of FIRST APPEARANCE by video conference in Rule 5 proceedings for defendant Karl Dresch held before Magistrate Judge Maarten Vermaat (Proceedings Digitally Recorded via Zoom) (cam) (Entered: 01/21/2021) |
| 01/21/2021 | | | (NON−DOCUMENT) ORDER APPOINTING FEDERAL PUBLIC DEFENDER as counsel for defendant Karl Dresch ; signed by Magistrate Judge Maarten Vermaat (cam) (Entered: 01/21/2021) |
| 01/21/2021 | 7 | | ORDER as to defendant Karl Dresch re Rule 5(f) ; signed by Magistrate Judge Maarten Vermaat (cam) (Entered: 01/21/2021) |
| 01/21/2021 | | | (NON−DOCUMENT) ATTORNEY APPEARANCE of Elizabeth A. LaCosse (FPD) for defendant Karl Dresch (LaCosse (FPD), Elizabeth) (Entered: 01/21/2021) |
| 01/22/2021 | 8 | | NOTICE OF HEARING as to Karl Dresch detention hearing set for 1/22/2021 at 01:00 PM at by video before Magistrate Judge Maarten Vermaat; (aer) (Entered: 01/22/2021) |
| 01/22/2021 | 9 | | WAIVER of Rule 5 and 5.1 hearings by Karl Dresch (cam) (Entered: 01/22/2021) |
| 01/22/2021 | 10 | | MINUTES of DETENTION hearing conducted by video conference as to defendant Karl Dresch held before Magistrate Judge Maarten Vermaat (Proceedings Digitally Recorded via Zoom) (cam) (Entered: 01/22/2021) |

| 01/22/2021 | 11 | | COMMITMENT TO ANOTHER DISTRICT: defendant Karl Dresch committed to District of Columbia ; signed by Magistrate Judge Maarten Vermaat (cam) (Entered: 01/22/2021) |
|---|---|---|---|
| 01/22/2021 | 12 | | ORDER OF DETENTION pending trial as to defendant Karl Dresch ; signed by Magistrate Judge Maarten Vermaat (cam) (Entered: 01/22/2021) |

AO 94  (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the

Western District of Michigan

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.  2:21-mj-4 |
| | ) | |
| Karl Dresch | ) | Charging District's |
| *Defendant* | ) | Case No.  1:21-mj-69 |

**COMMITMENT TO ANOTHER DISTRICT**

The defendant has been ordered to appear in the _____ District of  Columbia ,
*(if applicable)* _____ division.  The defendant may need an interpreter for this language:
_____ .

The defendant: ☐ will retain an attorney.

☑ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant.  The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled.  The clerk of this district must promptly transmit the papers and any bail to the charging district.


Date:  January 22, 2021                    /s/ *Maarten Vermaat*
                                            *Judge's signature*

                                            Maarten Vermaat, United States Magistrate Judge
                                            *Printed name and title*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,   Case No. 2:21-mj-4

    Plaintiff,   Hon. Maarten Vermaat
                           U.S. Magistrate Judge

v.

KARL DRESCH,

    Defendant.
_____/

## ORDER

Pursuant to the Due Process Protections Act, the Court reminds the government of its obligation under *Brady v. Maryland*, 373 U.S. 83 (1963), to disclose evidence favorable to the defendant and material to the defendant's guilt or punishment. The government is ordered to comply with *Brady* and its progeny. The failure to do so in a timely manner may result in consequences, including dismissal of the indictment or information, exclusion of government evidence or witnesses, adverse jury instructions, dismissal of charges, contempt proceedings, sanctions by the Court, or any other remedy that is just under the circumstances.

    IT IS SO ORDERED.

Dated: January 21, 2021   /s/ *Maarten Vermaat*
                                                MAARTEN VERMAAT
                                                U.S. MAGISTRATE JUDGE

AO 466A (Rev. 12/09) Waiver of Rule 5 & 5.1 Hearings (Complaint or Indictment)

# UNITED STATES DISTRICT COURT
for the
Western District of Michigan

| | |
|---|---|
| United States of America ) | |
| v. ) | Case No. 2:21-mj-4 |
| ) | |
| KARL DRESCH ) | Charging District's Case No. 1:21-mj-69 |
| *Defendant* ) | |

## WAIVER OF RULE 5 & 5.1 HEARINGS
(Complaint or Indictment)

I understand that I have been charged in another district, the *(name of other court)*     District of Columbia

I have been informed of the charges and of my rights to:

(1) retain counsel or request the assignment of counsel if I am unable to retain counsel;

(2) an identity hearing to determine whether I am the person named in the charges;

(3) production of the warrant, a certified copy of the warrant, or a reliable electronic copy of either;

(4) a preliminary hearing within 14 days of my first appearance if I am in custody and 21 days otherwise — unless I am indicted — to determine whether there is probable cause to believe that an offense has been committed;

(5) a hearing on any motion by the government for detention;

(6) request transfer of the proceedings to this district under Fed. R. Crim. P. 20, to plead guilty.

I agree to waive my right(s) to:

☐ an identity hearing and production of the warrant.

☐ a preliminary hearing.

☐ a detention hearing.

☒ an identity hearing, production of the warrant, and any preliminary or detention hearing to which I may be entitled in this district. I request that those hearings be held in the prosecuting district, at a time set by that court.

I consent to the issuance of an order requiring my appearance in the prosecuting district where the charges are pending against me.

Date: 1-22-2021

*[signature]*
Defendant's signature

*[signature: Elizabeth LaCosse]*
Signature of defendant's attorney

Elizabeth LaCosse
Printed name of defendant's attorney

AO 472 (Rev. 11/16) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
Western District of Michigan

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| Karl Dresch ) | Case No. 2:20-mj-4 |
| *Defendant* ) | |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ Motion of the Government attorney pursuant to 18 U.S.C. § 3142(f)(1), or
☑ Motion of the Government or Court's own motion pursuant to 18 U.S.C. § 3142(f)(2),

the Court held a detention hearing and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

### Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):
  ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**
  ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**
  ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508); **or**
  ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses; **or**
  ☐ **(e)** any felony that is not otherwise a crime of violence but involves:
    **(i)** a minor victim; **(ii)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921);
    **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**
☐ **(2)** the defendant has previously been convicted of a Federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to Federal jurisdiction had existed; **and**
☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a Federal, State, or local offense; **and**
☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

Page 1 of 3

❐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*:  There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

❐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801-904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951-971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501-70508);

❐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

❐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

❐ **(4)** an offense under Chapter 77 of Title 18, U.S.C. (18 U.S.C. §§ 1581-1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

❐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

❐ **C. Conclusions Regarding Applicability of Any Presumption Established Above**

❐ The defendant has not introduced sufficient evidence to rebut the presumption above, and detention is ordered on that basis. *(Part III need not be completed.)*

**OR**

❐ The defendant has presented evidence sufficient to rebut the presumption, but after considering the presumption and the other factors discussed below, detention is warranted.

### Part III - Analysis and Statement of the Reasons for Detention

After considering the factors set forth in 18 U.S.C. § 3142(g) and the information presented at the detention hearing, the Court concludes that the defendant must be detained pending trial because the Government has proven:

☑ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☑ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

In addition to any findings made on the record at the hearing, the reasons for detention include the following:

☑ Weight of evidence against the defendant is strong
❐ Subject to lengthy period of incarceration if convicted
☑ Prior criminal history
❐ Participation in criminal activity while on probation, parole, or supervision
☑ History of violence or use of weapons
❐ History of alcohol or substance abuse
❐ Lack of stable employment
❐ Lack of stable residence
❐ Lack of financially responsible sureties

- ❏ Lack of significant community or family ties to this district
- ❏ Significant family or other ties outside the United States
- ❏ Lack of legal status in the United States
- ❏ Subject to removal or deportation after serving any period of incarceration
- ❏ Prior failure to appear in court as ordered
- ☑ Prior attempt(s) to evade law enforcement
- ❏ Use of alias(es) or false documents
- ❏ Background information unknown or unverified
- ❏ Prior violations of probation, parole, or supervised release

OTHER REASONS OR FURTHER EXPLANATION:

In addition, the undersigned finds clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community based on (1) Defendant's possession of firearms and ammunition following a felony conviciton, (2) Defendant's posting of statements reflecting a willingness to engaged in additional actions that are similar to those he took on Jan. 6, 2021 (see Government's exhibits 18 and 19 from detention hearing), and (3) Defendant's willingness to flee pursuing police officers at high speed in 2013 (see ECF No. 3, PageID.6-7 (Pretrial Services Report documenting high speed chase involved Defendant in Wisconsin and Michigan on June 7, 2013)).

## Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant must be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 01/22/2021                                   /s/ *Maarten Vermaat*
                                                     United States Magistrate Judge